UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGIANA CATHERINE SKELLIE,

        Plaintiff,

    -vs-                                  1:05-CV-616

CSX TRANSPORTATION,

        Defendant.
_____

**APPEARANCES**                              **OF COUNSEL**

PAUL B. DALNOKY, ESQ.
*Attorney for Plaintiff*
333 East 6 Street, #1N
New York, New York 10003

AKIN GUMP STRAUSS HAUER & FELD, L.L.P.    Donald R. Livingston, Esq.
*Attorneys for Defendant*                           Christine A. Samsel, Esq.
333 New Hampshire Ave., N.W.
Suite 400
Washington, DC 20036

NORMAN A. MORDUE, Chief United States District Judge

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff, a former employee of defendant CSX Transportation, alleges that she was discriminated against based on her gender and subjected to a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.* Plaintiff further alleges that as a result of this discrimination and sexual harassment, she developed "a major depressive disorder" that prevented her from attending work, and that defendant's subsequent termination of her employment based on excessive absences thus violated the Americans With Disabilities Act of 1991 ("ADA"). Defendant filed a motion to dismiss the

complaint for failure to exhaust administrative remedies, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes this motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began her employment with defendant CSX Transportation as a laborer in December 2001. In her complaint, plaintiff alleges that "[a]lmost from the inception of her employment, ...[she] was subjected to acts of hostility and harassment." Plaintiff's complaint outlines a non-exhaustive list of these alleged occurrences including unprovoked sexual advances by co-workers, exposure to pornographic material, and a lack of equivalent restroom/changing facilities for women. Plaintiff allegedly brought these occurrences to the attention of various supervisors and human resources employees, but no action was taken. As a result of these circumstances at the workplace, plaintiff allegedly developed "a major depressive disorder" which caused her to miss extended time from work.

Plaintiff concedes that the formal administrative complaint on which she bases the present action alleges only unlawful discrimination based on disability in violation of the Americans with Disabilities Act. However, in opposition to defendant's motion to dismiss, she submits documents which demonstrate the following: On March 4, 2004, plaintiff filed a preliminary complaint with the New York State Division of Human Rights ("Division of Human Rights") by checking off boxes and "filling in the blanks" of an agency form which declares "This is Not a Verified Complaint." In this preliminary complaint, plaintiff complained of discrimination on the basis of "retaliation" and "sex." On March 4, 2004, plaintiff signed a formal complaint generated by the agency which set forth her claim as arising under the ADA. Thereafter, plaintiff received a letter from the Division of Human Rights

2

notifying her that the office had received defendant's answer to her complaint on July 21, 2004. The letter asked plaintiff to "submit to the Division, in writing, any statement that you wish to make relative to respondent's [defendant's] answer." According to plaintiff, on or around August 4, 2004, she replied to defendant's answer, alleging specific instances of sexual harassment and gender discrimination. Included in her reply were allegations that her "claim derives from a hostile work environment and an inability to return to work," and alleges "numerous instances of sexual harassment" including "sexual advances by co-workers" and "outright violence." Plaintiff also argues that her reply specifically charged several occurrences of sexual harassment and gender-based discrimination including exposure to pornographic material and inadequate restrooms/changing facilities for women.

The federal Equal Employment Opportunity Commission issued a Notice of Right to Sue to plaintiff on October 26, 2004. The plaintiff filed her complaint on May 19, 2005, in United States District Court for the Southern District of New York. The case was subsequently transferred appropriately to this Court.

Defendant argues that plaintiff failed to allege any claims of sexual harassment or gender discrimination in her complaint to the Division of Human Rights and thus posits that any such complaints be dismissed, as a timely filing of a charge with the EEOC or appropriate state or local agency is a prerequisite to filing suit under Title VII. Defendant contends that only the allegations contained in the plaintiff's signed, verified complaint filed with the Division of Human Rights may be considered. As for any additional allegations contained in the alleged addendum to the administrative complaint, defendant argues that these claims are not exhausted as required by Title VII.

3

Plaintiff argues that she reported discrimination based upon retaliation and sex on the cover sheet of her complaint to the Division of Human Rights and further alleges that Division of Human Rights employees failed to report this in the formal complaint sent to CSX.  Plaintiff further argues that she reiterated and expanded upon her claims of gender discrimination and sexual harassment to the Division of Human Rights, on or around March 4, 2004, in the above-referenced reply to defendant's answer.

## III. DISCUSSION

A. Standard of Review

The standards applicable to motions to dismiss are well-settled.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995).  In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted).  Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)). In determining the sufficiency of a plaintiff's claim under 12(b)(6), "consideration is limited to the factual allegations in plaintiff's amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to

documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Brass v. American Film Techs.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.     New York State Division of Human Rights/EEOC Complaints

The Second Circuit has recognized three instances in which a plaintiff may assert a claim in litigation that was "reasonably related," but not specifically pled in her administrative complaint: (1) claims within the scope of the EEOC investigation likely to grow out of the charge; (2) claims of retaliation for filing the EEOC charge; and (3) further incidents of the type alleged in the EEOC charge that occur after the filing of the charge. *See Butts v. City of New York Dep't of Housing Preservation & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993).

The first type of "reasonably related" claim recognized in *Butts* "is essentially an allowance of loose pleading." *Id.* This allowance recognizes that "EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering." *Id.* Thus claims not raised in the EEOC complaint are still allowed to be brought "where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (citing *Smith v. American President Lines, Ltd.*, 5721 F.2d 102, 107 n.10 (2d Cir. 1978)). However, the "loose pleading requirement is not satisfied by vague, generalized statements. Specific factual allegations must be made in order for the EEOC to be able to investigate them reasonably." *Cooper v. Xerox Corp.*, 994 F.Supp. 429, 432 (W.D.N.Y. 1998).

Plaintiff's circumstances clearly fall within the first *Butts* exception. Plaintiff alleges that she complained to the Division of Human Rights of a major depressive disorder *as a result*

5

*of* alleged gender discrimination and sexual harassment while working at CSX and that the agency failed accurately to capture the nature of her allegations in the official complaint. Had an EEOC investigation occurred based on the plaintiff's preliminary complaint to the Division of Human Rights, it may reasonably be assumed at this stage of the proceedings that the alleged causes of plaintiff's alleged disability - her specific factual allegations of sexual harassment and gender-based discrimination - would have been investigated. Moreover, the exhibits submitted by plaintiff in opposition to defendant's motion to dismiss, which include her hand-written "reply" to defendant's answer to the administrative complaint, suggest that plaintiff's allegations of sex discrimination and retaliation were overlooked in the administrative investigation. Based thereupon, the Court finds that plaintiff's claims of sex discrimination, hostile work environment and retaliation are "reasonably related" to her administrative claim and therefore properly before this Court.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that defendant's motion to dismiss plaintiff's complaint is DENIED.

IT IS SO ORDERED.

DATE:  March 31, 2006

*(signature)*
Norman A. Mordue
Chief United States District Court Judge